## TERRELL v. LOUISIANA ICE & UTILITIES, Inc.

### No. 4373.

Court of Appeal of Louisiana.
Second Circuit.
Feb. 6, 1933.

Alvin R. Christovich, of New Orleans, and Overton, Dawkins & McSween, of Alexandria, for appellant.

Peterman, Dear & Peterman, of Alexandria, for appellee.

DREW, J.

Plaintiff brought this suit under the Workmen's Compensation Act of this state (Act No. 20 of 1914 and amendments thereto), and prayed for 400 weeks' compensation, alleging total and permanent disability beginning February 13, 1931, subject to a credit of $399.56, which amount has been paid to him in compensation by defendant.

It is admitted that the claim of plaintiff falls within the contemplation of the Workmen's Compensation Act of Louisiana. It is also admitted that plaintiff received an injury on February 13, 1931, while in the employ of the defendant, and that his salary at the time was $110 per month. It is also admitted, for the purpose of figuring any compensation which might be due, that the weekly wage of plaintiff was $25.38, and his weekly compensation, based on the maximum percentage of 65 per cent., would be $16.50 per week.

Plaintiff contends that on February 13, 1931, while in the performance of his duties in the cold storage department of defendant company, he attempted to open a frozen door by kicking it with his right foot, and in doing so his foot slipped from beneath him, causing him to fall on the small of his back; that he suffered an injury to the lumbosacral and sacroiliac joints, the bones, nerves, and muscles of that region, causing him to be totally and permanently disabled to do work of any reasonable character from the date of the accident.

The defense is that plaintiff's disability ceased on September 18, 1931, at which time he was discharged by defendant's doctor, and that defendant paid compensation up to September 18, 1931, and therefore had discharged its full obligation under the Workmen's Compensation Act of Louisiana. It denied total permanent disability, and that it was indebted to plaintiff in any amount after September 18, 1931. Therefore the only question to be determined in this case is whether plaintiff was totally and permanently disabled, or disabled in any degree, to do work of any reasonable character after September 18, 1931.

The lower court found that plaintiff was totally disabled to do work of any reasonable character at the time of trial in the lower court, and awarded him judgment as prayed for. Defendant has appealed to this court.

On the morning of February 13, 1931, plaintiff received a fall as alleged by him, receiving a severe blow to the lumbosacral portion of the back, and the left hip. At the time he experienced a burning pain on the left side of the spine and in the left hip, and was immediately incapacitated to go on with his work. After a short time he was taken to the defendant company's doctor. By this time he could walk only with difficulty, and was suffering excruciating pain. Later in the day he was sent to the hospital for the purpose of being X-rayed, from where he was later taken back to the place of business of

defendant. In going from the automobile to the defendant's office he fell three times. Later in the day he was returned to the doctor's office where his back was strapped, and he was then taken to his home in Tioga, about six miles from Alexandria. He was suffering so much the next day that the doctor was called to his home. His bowels or kidneys neither would move, and he was carried to the hospital for that purpose. The same condition prevailed the following morning.

From the time of the accident to the day of trial plaintiff remained strapped up, and was in bed part of the time and up part of the time. He suffered when required to remain in one position for any reasonable length of time, and at the time of the trial he could only sit down for a short while at a time without pain, and it was necessary for him to sit a while and stand a while. Before the accident he was a healthy, active young man about thirty years of age, and since the accident he is very inactive. He walks with a limp, and any awkward step he takes causes him pain. On one occasion he attempted to crank a Ford car, and the result was he was confined to bed for several days. He cannot lift anything of weight, and constantly has a drawing feeling in the left side of his back. There is an area of anesthesia on the left thigh and leg, in which area a pin prick is not felt by him, and the muscles of his back are in a constant state of rigidity. The sciatic nerve is still irritated and tender and injured. This condition of plaintiff at the time of trial we think clearly proves, and there can be no doubt, that he was at that time incapacitated from performing manual labor.

The work plaintiff had been performing for the past five years was in the cold storage department of defendant company. It was his duty to receive all commodities sent there for cold storage purposes, and to stack them so they would receive proper refrigeration; to keep the temperature at the proper degree, and to keep a record of the business of this department. He was required to handle heavy produce, often in packages weighing 100 to 200 pounds, and to stack them properly. He had to be in good physical condition to hold this job. His condition at the time of trial was such that he could not fill the job he held when injured. He has a high school education, but is not qualified to fill a clerical position, and has no training in that line. Any job that would be open to him would require more or less manual labor and standing on his feet, and he is incapacitated to fill such a job, and therefore, in the meaning of the Workmen's Compensation Act of Louisiana, is totally disabled to perform work of a reasonable character.

During April, after the accident in February, defendant's doctor recommended to defendant that it give plaintiff a light job, which it did, but it was a night job with no labor attached to it. He held the job for four or five days and gave it up due to the fact that he could not sleep in the day and was suffering all the time he was on the job. He quit due to his suffering in trying to hold the job and, we think, demonstrated his inability to perform any labor or hold any job at that time.

In July after the accident he took an automobile trip with members of his family, and drove part of the time himself. He, however, did this on the advice of defendant's doctor, who thought a change would be beneficial to him. He took another trip later with members of his family to Mayo Brothers' Clinic. He was not required to do any lifting on either trip and, as shown by the testimony, he could be as comfortable in a car as in a chair.

There is a great deal of medical testimony in the record. Some of the doctors think plaintiff is totally and permanently disabled; others think he is only partially disabled. No one thinks he is a malingerer. A careful study of the medical testimony leaves us confused. The conflict of opinion regarding the place a certain nerve in the body is located, as to whether the condition found by the X-ray is congenital, and as to the correctness of an X-ray picture where several pictures taken by the same radiologist show a different condition, and many other conflicts unnecessary to mention, when all the doctors by reputation are specialists in their line and above the average for doctors, leaves the court only one recourse, and that is to look to the lay testimony as to the condition of the plaintiff. The court is not gifted with a knowledge of the medical science, and when the opinion of men high in the medical profession differ as much as in this case it would only be a guess for us to say who is correct. However, we do find that none of the doctors are of the opinion that plaintiff can do manual labor, and the greater number of them find the sciatic nerve irritated, tender, and injured. There is no dispute over the fact that plaintiff limps and pulls himself to one side when walking, and that there is a constant rigidity of the muscles of the back.

There is conflict of testimony between the doctors as to whether the laminæ were fractured or not. Be that as it may, there is no dispute that he was injured in the back, and it is evident the injury remained at the time of the trial below, and was sufficient to incapacitate plaintiff from performing work of a reasonable character such as he was used to performing, and such as he might be able to secure and was capable of doing.

The judgment of the lower court is correct, and is therefore affirmed, with costs.